UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. HILLS,

        Plaintiff,

v.                                                  Case No. 2:15-cv-12148
                                                     Honorable Arthur J. Tarnow

RICHARD A. ROBLE,
AARON GARCIA, and
JOHN DOE 1-6,

        Defendants.
_____/

**ORDER
(1) RESCINDING THE ORDER OF REFERENCE (ECF No. 8),
(2) DENYING PLAINTIFF'S MOTION
FOR SERVICE OF THE COMPLAINT (ECF No. 3),
(3) DENYING DEFENDANTS' MOTION TO DISMISS (ECF No. 6),
(4) GRANTING PLAINTIFF'S MOTION
FOR ADMINISTRATIVE CLOSURE (ECF No. 11),
AND
(5) CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

**I. Introduction and Background**

On June 11, 2015, plaintiff Derrick L. Hills, a prisoner at the Federal Correctional Institution in Loretto, Pennsylvania, filed a *pro se* civil rights complaint for money damages under 28 U.S.C. § 1343 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). At the same time, Plaintiff moved to have the United States Marshal serve his complaint on the defendants.

1

The complaint alleges that, on June 20, 2012, attorney Richard A. Roble of the United States Trustee's Office filed a notice of appearance in a criminal contempt prosecution against Plaintiff, and in September of 2013, Roble represented the Government at Plaintiff's trial on the contempt charge.  Plaintiff stated that, on September 19, 2013, a jury found him guilty of five counts of criminal contempt, and because he failed to appear for sentencing, a warrant was issued for his arrest.

Plaintiff further alleges in his complaint that, during the execution of the arrest warrant on February 21, 2014, defendant Aaron Garcia, a deputy United States Marshal, and the unnamed defendants snatched him out of his house, flung him face-first into fourteen inches of snow, and twisted his arm with extreme force even though he was completely cooperative.  He also alleges that one of the arresting officers shot and killed his dog.

Plaintiff states in his complaint that he is serving a sentence of forty-six months in prison as a result of his federal conviction for criminal contempt.  He claims that: (1) defendant Roble deprived him of life and liberty without due process of law by prosecuting him without a proper grant of authority; and (2) defendant Garcia and the unnamed defendants violated his constitutional rights by using excessive force on him during his arrest.

On September 11, 2015, the defendants moved to dismiss the complaint on the ground that Plaintiff's due process claim is barred by *Heck v. Humphrey*, 512 U.S.

477 (1994), because his conviction has not been set aside.[1]  Defendant Roble also claimed that he was entitled to absolute immunity from suit for his role in judicial proceedings.  Defendant Garcia sought a dismissal of Plaintiff's claims for wrongful arrest or wrongful entry and improper seizure of Plaintiff's dog.  He claimed that he was entitled to qualified immunity and that Plaintiff had failed to show he had any personal involvement in the shooting of Plaintiff's dog.

On September 16, 2015, the Court referred Plaintiff's case to the Magistrate Judge for all pretrial proceedings and for a report and recommendation on all dispositive matters.  On September 22, 2015, Plaintiff filed an objection to the defendants' motion to dismiss and a motion of his own for administrative closing.  He

---

[1] The Supreme Court held in *Heck v. Humphrey*, 512 U.S. at 486-87 (footnotes omitted), that,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

urges the Court to stay his case or to dismiss the case without prejudice because an appeal from his criminal contempt conviction is pending in the United States Court of Appeals for the Sixth Circuit.

In a reply to Plaintiff's answer to the defendants' motion to dismiss, defendants Roble and Garcia continue to urge the Court to dismiss the claims against Roble in their entirety and the claims against Garcia in part. Both defendants assert that Plaintiff's claims are barred by *Heck v. Humphrey*. In addition, Roble reasserts the right to absolute immunity from suit for acts taken during judicial proceedings. Defendant Garcia seeks partial dismissal on grounds that (1) a valid arrest warrant forecloses Plaintiff's claim of wrongful entry or arrest and (2) Plaintiff has failed to show that Garcia was personally involved in the seizure of Plaintiff's dog.

## II. Discussion

A federal court may dismiss an action at the Plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The dismissal is without prejudice unless the order states otherwise. *Id*. Rule 41(a)(2) is "a discretionary procedural rule," which requires the district court to "provide some indication as to why it exercised its discretion as it did." *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 931 (6th Cir. 2007).

Here, Plaintiff desires to voluntarily dismiss his case because he recognizes that *Heck v. Humphrey* is a bar to some of his claims and because he is confident that his conviction will be reversed. A dismissal under *Heck v. Humphrey,* moreover, is

without prejudice. *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). The Court therefore believes that a dismissal of this action is appropriate and fair to all concerned. Accordingly,

- the order referring this case to the Magistrate Judge (ECF No. 8) is rescinded;

- Plaintiff's motion for service of the complaint (ECF No. 3) is denied as moot, because the complaint has already been served on the defendants or on counsel for the defendants;

- the defendants' motion to dismiss the complaint (ECF No. 6) is denied without prejudice; and

- Plaintiff's motion for administrative closure (ECF No. 11) is granted. The complaint is dismissed without prejudice, and this case is hereby closed.

SO ORDERED.

Dated: October 15, 2015

s/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE