UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HILLS,

    Plaintiff,

v

RICHARD ROBLE, *et al.*,

    Defendants.
_____/

Civil Action No.: 15-12148
Honorable Arthur J. Tarnow
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
RENEWED MOTION TO DISMISS [ECF NO. 21]**

**I.	Introduction**

Plaintiff Derrick Hills, proceeding *pro se*, brought this civil rights action for money damages against Special Assistant U.S. Attorney Richard A. Roble, Deputy U.S. Marshal Aaron Garcia and six unnamed deputy U.S. Marshal (John Doe 1-6) in their individual capacities. [ECF No. 1]. Hills alleges that Roble violated his Fifth Amendment procedural due process rights, and that Garcia and John Doe 1-6 used excessive force in violation of the Fourth Amendment. [ECF No. 1]. Roble and Garcia initially moved to dismiss in September 2015, but the Honorable Arthur J. Tarnow stayed the case pending Hills' appeal from his criminal contempt conviction. [ECF No. 6; ECF No. 11; ECF No. 13]. Judge Tarnow reopened the case in

August 2019 and then referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). [ECF No. 19; ECF No. 24].

In September 2019, Roble's renewed his motion to dismiss and Garcia renewed his motion for partial dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject-matter jurisdiction over Hills' claims and that his complaint fails to state a claim upon which relief may be granted. [ECF No. 21]. Hills responded. [ECF No. 22]. The Court **RECOMMENDS** that the defendants' motion be **GRANTED**.

## II. Background

In April 2012, U.S. Bankruptcy Judge Steven Rhodes issued a report and recommendation to this Court to hold Hills in criminal contempt under 18 U.S.C. § 401(3). [ECF No. 21-2; *see* ECF No. 21-3; *see also* ECF No. 21-11, PageID.345]. Judge Rhodes found that Hills had violated an October 2007 permanent injunction prohibiting him from engaging in actions as a Bankruptcy Petition Preparer. [ECF No. 21-2]. Hills' violated the injunction by, among other things, providing bankruptcy assistance, illegally practicing law and counseling clients to deceive bankruptcy trustees about his role in their cases. [*Id.*]. After receiving the report and recommendation, the Honorable Sean F. Cox ordered Hills to appear for a

May 2012 status conference, but Hills failed to appear. [ECF No. 21-3]. Judge Cox thus ordered Hills to show cause why he should not be held in criminal contempt, scheduled a trial on the matter and requested that the U.S. Attorney appoint an attorney to prosecute Hills for criminal contempt. [ECF No. 21-3]. Richard Roble, who was a Special Assistant U.S. Attorney (SAUSA), filed a notice of appearance and prosecuted the case. [ECF No. 21-11, PageID.346, 351]. A jury found Hills guilty of five counts of contempt and Judge Cox sentenced him to 46 months in prison. [*Id.*, PageID.346]. The Sixth Circuit affirmed the judgment. [ECF No. 21-11, PageID.351-352].

Before imposing sentence, Judge Cox had to issue an arrest warrant for Hills because he failed to appear for sentencing. [ECF No. 21-10; ECF No. 23, PageID.392]. On February 21, 2014, members of the Detroit Fugitive Apprehension Team (DFAT), led by Deputy U.S. Marshal Aaron Garcia, arrived at Hills' residence to arrest him. [ECF No. 23, PageID.392]. Garcia saw a person let two large pitbulls out of the house to the back yard and saw a woman retrieve them about 20 minutes later. [*Id.*, PageID.392]. After observing this, members of DFAT team went to Hills' home to make contact but were unsuccessful after "several minutes of Knocking and Announcing Police." [*Id.*, PageID.392]. DFAT then interviewed neighbors,

3

confirming that Hills did "reside at the target residence" and that he "was observed at the residence the other day." [*Id.*, PageID.392]. After another 20 minutes of knocking and announcing their presence, DFAT forcibly entered Hills' residence. [*Id.*, PageID.392]. "As DFAT members breached the front door members observed a large pitbull running in an aggressive manner towards the team." [*Id.*, PageID.392]. Task Force Officer Dave Wineman shot the dog "to stop the threat," and the dog died. [*Id.*, PageID.392]. Hills was arrested. [*Id.*, PageID.392-393]. Hills' girlfriend, who was at the home, told DFAT members that Hills instructed her "to close the door and do not open it" when the members started knocking and announcing their presence. [*Id.*, PageID.393].

In his complaint, Hills takes issue with the manner of his arrest and with Roble's role as his prosecutor. [ECF No. 1]. Hills alleges that Roble violated his Fifth Amendment due process rights when he "acted without authority and outsides the scope of his appointed position as a U.S. Trustee Staff Attorney in impermissvely [*sic*] prosecuting" Hills for criminal contempt. [*Id.*, PageID.5]. And Hills claims that "Garcia and John Doe 1-6 used excessive force in effectuating [his] arrest on 2/21/2014," in violation of the Fourth Amendment. [*Id.*, PageID.6].

4

### III. Analysis

### A.

Defendants Roble and Garcia argue that some of Hills' claims should be dismissed for want of subject matter jurisdiction under Rule 12(b)(1). Subject-matter jurisdiction is a threshold issue that must be addressed before the merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). "Federal courts lack subject-matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (citations and quotation marks omitted). Given that, a claim against a defendant who enjoys absolute immunity should be dismissed for lack of subject matter jurisdiction. *Hinz v. Torres*, 985 F.2d 573 (9th Cir. 1993).

Defendants also rely on Rule 12(b)(6), which tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Although defendants requested dismissal on the pleadings under

Rule 12(b), Hills filed and relied on Garcia's report in his response to support his claim that Garcia did not observe Hills at the house before entering, and therefore is not entitled to qualified immunity. [ECF No. 22, PageID.360; ECF No. 23]. To consider that report, the Court must evaluate Garcia's entitlement to qualified immunity under the Federal Rule of Civil Procedure 56(a) summary judgment standard. Rule 12(d). If a party was likely to be surprised by this treatment, the Court would be required to provide notice. *Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 204 (6th Cir. 1998). Neither party is likely to be surprised here; Hills asked the Court to consider the report by filing it and relying on it in his response, and Garcia's reply included no objections to the Court's consideration of his report. [ECF No. 23; ECF No. 25]. Thus, the Court will consider the report and whether there is a "genuine dispute as to any material fact" on the issue of whether Garcia is entitled to qualified immunity. Rule 56(a).

Both parties also relied on evidence outside of the pleadings on the issue of whether Roble was properly appointed to prosecute Hills. [*See* ECF No. 6, PageID.37, n.2; ECF No. 22, PageID.358, 369]. Roble noted in his motion that the Court could convert his motion into one under Rule 56, and Hills responded by citing his own evidence. [*Id.*]. The Court has thus considered the parties' evidence and Hills' due process claim under the

6

Rule 56(a) standard.

The Court also notes that, on September 22, 2015, Hills filed a supplement to his complaint that appears to have been part of his response to defendants' September 11, 2015 motion to dismiss. [ECF No. 10]. In the supplement, Hills adds allegations that Garcia does not enjoy qualified immunity because the arrest warrant was not valid and because Garcia violated the Fourth Amendment by entering his house without knowing if he was inside. [ECF No. 10, PageID.179-180]. Hills could amend his complaint as a matter of right within 21 days of defendants' September 11 answer and initial motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). But Hills was not allowed to simply supplement his earlier complaint. Under the Court's local rules, "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. LR 15.1.

Despite Hills' failure to properly amend his complaint, the Court has considered the new allegation that Garcia's entry into the house violated the Fourth Amendment when evaluating his motion for partial dismissal. Even so, Hills should be ordered to file a single amended complaint that incorporates all his claims that survive the motion here.

**B.**

The Court will first address the claim against Roble.

*1. Heck v. Humphrey Doctrine*

Roble asserts that Hills' claims against him are barred by the *Heck v. Humphrey* doctrine. [ECF No. 21, PageID.250-252]. Under *Heck*, a § 1983 suit for damages that would render a conviction invalid requires proof that the conviction has been reversed, expunged or declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Hills asserts that *Heck* does not bar his claims against Roble because his federal criminal conviction has been set aside. [ECF No. 22, PageID.360]. To the contrary, Hills' "conviction and sentence were affirmed on direct appeal." *Hills v. United States*, No. 12-12254, 2016 WL 3254566, at *1 (E.D. Mich. June 14, 2016). His motion to vacate his sentence under 28 U.S.C. § 2255 was also denied, and both Judge Cox and the Sixth Circuit denied his application for a certificate of appealability. *Id.*; *Hills v. United States*, No. 16-2073, 2017 WL 3221278 (6th Cir. Feb. 10, 2017).

Hills' conviction for criminal contempt has not been reversed, expunged or declared invalid, so his claim against Roble is barred by *Heck*.

## *2. Absolute Immunity*

Even if Hills' claim against Roble were not barred by the *Heck* doctrine, Roble enjoys absolute immunity for his prosecution of Hills. "[O]fficials enjoy absolute immunity from civil liability related to their performance of 'prosecutorial' functions." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). The functions covered by this absolute immunity are those "that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Roble bears the burden of proving that the conduct of which Hills complains is protected by absolute immunity. *Id.*

To support his argument that Roble is not entitled to immunity, Hills claims that Roble acted as a prosecutor without authority because he was a U.S. Trustee staff attorney and may not have been properly appointed as a SAUSA. [ECF No. 22, PageID.358, 369]. This argument is without merit. First, as noted, absolute immunity applies to an "official" who performs a prosecutorial function. *Koubriti.* 593 F.3d at 467. Regardless of whether Roble was properly appointed as a SAUSA, he was still an "official"—an attorney of the U.S. Trustee's Office—who performed a prosecutorial function in Hills' criminal case.

Second, the Sixth Circuit has already rejected Hills' claim that Roble was not properly appointed as a SAUSA. Hills had argued that "Roble was not authorized to act as the sole and primary prosecutor because he was not an Assistant United States Attorney and he was not appointed by the district court." [ECF No. 21-11, PageID.350]. Finding otherwise, the court reasoned that Hills raised his challenge to Roble prosecuting the case for the first time on appeal, meaning that the court could address the issue only if Hills showed that there were exceptional circumstances or that failure to consider the issue would cause a plain miscarriage of justice. [*Id.*, PageID.350-351]. Hills failed to make the necessary showing because "Roble was working as a Special Assistant United States Attorney during his involvement in the criminal contempt proceedings" and thus met the requirement of Federal Rule of Criminal Procedure 42(a)(2) that "the contempt be prosecuted by an attorney for the government." [*Id.*, PageID.351].

Roble has also submitted copies of letters and other documents from September 2010 to September 2014 showing that Roble was "appointed as a Special Assistant United States Attorney for the Easter District of Michigan" under 28 U.S.C. § 543. [ECF No. 6-8, PageID.128-132]. And Roble attached transcripts from the contempt proceedings in which he

appeared as a SAUSA on behalf of the government. [ECF No. 21-5, PageID.310-330]. There is no genuine factual dispute that Roble was an official who prosecuted Hills, nor that Roble was appointed as a SAUSA and acted in that capacity without objection during Hills contempt trial. Thus, Roble has met his burden of showing that absolute immunity bars Hills' claims against him.

## C.

The Court next addresses the claims against Garcia.

Garcia does not seek dismissal of Hills' excessive force claim at this juncture, but he asserts that he is entitled to qualified immunity for any claims of wrongful arrest, wrongful entry and seizure of Hills' dog. Garcia reasons that "[t]he arrest and entry were based on a lawful arrest warrant" and that he did not shoot Hills' dog. [ECF No. 21, PageID.255 & n.3].

Qualified immunity applies when, viewing the evidence in a light most favorable to the plaintiff, the defendant did not violate a clearly established constitutional right. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005). In the Sixth Circuit, a constitutional violation is established by binding precedent from the Supreme Court or this circuit, and a court should look beyond those precedents only in extraordinary cases. *Walton v. City of Southfield*, 995 F.2d 1331, 1336 (6th Cir. 1993), *superseded by*

11

*statute on other grounds as stated in Livermore ex rel. Rohm v. Lubelan*, 476 F.3d 397, 407-08 (6th Cir. 2007).

The Supreme Court has warned courts "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (citation and quotation marks omitted). "The general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). A case need not be directly on point to be clearly established, but existing precedent must place officials on notice that the conduct at issue is unlawful. *Kisela,* 138 S.Ct. at 1152-53.

Before addressing the arguments about the claims against Garcia raised in the motion for partial dismissal, the Court points out that Hills' June 2015 complaint only makes claims against Garcia for excessive force and for the shooting of his dog, while his September 2015 supplement added an allegation that Garcia violated the Fourth Amendment by entering his house without knowing if he was inside. [ECF No. 1, PageID.7-8; ECF No. 10, PageID.180]. Even though Hills has not properly amended his complaint to add his new allegations, Garcia's motion addresses the allegation about his entry into the house, so the Court will discuss it too.

*1. Forcible Entry of the Residence*

"[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York,* 445 U.S. 573, 603 (1980). Since Judge Cox issued an arrest warrant for Hills after he failed to appear for sentencing, clearly established precedent allowed Garcia to enter Hills' home to arrest him. [ECF No. 1, PageID.3; ECF No. 21-9; ECF No. 21-10].

Hills contends that Garcia is not entitled to qualified immunity "because he did not have a search warrant," [ECF No. 22, PageID.360], but that argument is off the mark because Garcia was armed with an arrest warrant. Under *Payton*, Garcia was permitted to enter Hills' home to serve that warrant. *Payton*, 445 U.S. at 603. Hills also argues that Garcia did not observe him (Hills) prior to his entry into the house. [*Id*.]. But *Payton* does not require that law enforcement *observe* the person subject to the warrant before entering the person's home. Officers need only to have reason to believe that the suspect is in the home.

> If there is sufficient evidence of a citizen's participation in a felony to persuade a judicial officer that his arrest is justified, it is constitutionally reasonable to require him to open his doors to the officers of the law. Thus, for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the

13

> suspect lives *when there is reason to believe the suspect is within.*

*Payton*, 445 U.S. at 602-03 (emphasis added).

Here, Garcia's report states that DFAT members knew there was someone in the house who would not respond to their knocks and announcements, and they interviewed neighbors who confirmed that Hills did "reside at the target residence" and that he "was observed at the residence the other day." [ECF No. 23, PageID.392]. Hills does not dispute that DFAT conducted this investigation. Under these facts, the DFAT members had reason to believe that Hills was in the house, and Hills cites no binding precedent establishing that those reasons were insufficient to allow the DFAT members to enter the house to execute the warrant.

2. *Seizure of Hills' Property*

Garcia further argues that the claim against him for the seizure of Hills' dog should be dismissed for failure to state a claim because Hills "does not claim that Garcia was personally involved in any injury to the dog." [ECF No. 21, PageID.255-259].

To state a cognizable claim against Garcia for the seizure of his dog under § 1983, Hills must allege facts that Garcia deprived him of a constitutionally protected right, and he did so while "acting under color of state law." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir.

14

2012). Because Hills is suing the named defendants in their individual capacity, each defendant can only be held responsible for his own unconstitutional behavior. *Id.* Hills does not allege that Garcia shot his dog. In his complaint, he asserts that "one of his dogs was barking in a stand-down position" and was "shot and killed by one of the Marshals" during his arrest. [ECF No. 1, PageID.4]. And in his motion to stay, Hills states that Garcia "did not kill the dog" but is "equally if not more culpable" for his dog's death because he "determine[d] entry was proper." [ECF No. 11, PageID.185]. So Hills is asserting that Garcia is liable for the actions of his subordinate. His complaint fails to plead facts supporting such a claim.

"Liability arising under Section 1983 generally does not reach supervisors merely because they hold supervisory positions over those who have committed constitutional violations." *Jordan v. City of Saginaw*, No. 02-10134-BC, 2005 WL 174881, at *8 (E.D. Mich. Jan. 25, 2005). For Garcia to be held liable for the actions of his subordinate, Hills "[a]t a minimum [ ] must show that [Garcia] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to

support § 1983 liability." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Hills' complaint does not allege that Garcia authorized, approved or acquiesced in the shooting of the dog. [ECF No. 1]. He also did not address this issue in his response to Garcia's renewed motion for partial dismissal; he cited no authority showing that Garcia could be held liable for his subordinate's shooting of the dog. [*See* ECF No. 22]. Thus, Hills has states no plausible claim that Garcia is liable under § 1983 for the shooting of his dog, and that claim against Garcia should be dismissed.

### IV. Conclusion

The Court **RECOMMENDS** that Roble's renewed motion to dismiss and Garcia's renewed motion to partially dismiss [ECF No. 21] should be **GRANTED**.

                s/Elizabeth A. Stafford
                ELIZABETH A. STAFFORD
                United States Magistrate Judge

Dated: April 2, 2020

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF

System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2020.

                                                                    <u>s/Marlena Williams</u>
                                                                    MARLENA WILLIAMS
                                                                    Case Manager