UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HILLS,

    Plaintiff,

v.

RICHARD A. ROBLE ET AL.,

    Defendants.

_____/

Case No. 15-12148

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ADOPTING REPORT AND RECOMMENDATION [31]; OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [34]; GRANTING DEFENDANTS' MOTION TO DISMISS [21]**

On June 11, 2015, Plaintiff Derrick L. Hills filed a civil rights complaint for money damages under 28 U.S.C. § 1343 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants Richard Roble, Aaron Garcia, and six John Doe U.S. Marshalls. On October 15, 2015, the Court granted Plaintiff's Motion for Administrative Closure [11] pending the appeal of his conviction in order to overcome the *Heck v. Humphrey* bar to his suit. (ECF No. 13); 512 U.S. 477 (1994). On August 5, 2019, the Court granted Plaintiff's Motion to Reopen the Case [18]. (ECF No. 19).

Before the Court is Defendants Roble and Garcia's Renewed Motion to Dismiss [21] filed on September 9, 2019. Plaintiff filed a Response [22] on September 17, 2019. Defendant filed a Reply [25] on October 1, 2019. On April 2,

2020, the Magistrate Judge issued a Report and Recommendation ("R&R") [31] recommending that the Court grant Defendants' Renewed Motion to Dismiss [21]. Plaintiff filed Objections [34] to the R&R on November 14, 2020. Defendants filed a Response [38] to Plaintiff's Objections [34] on December 7, 2020.

For the reasons stated below, the R&R [31] is **ADOPTED**; Plaintiff's Objections [34] are **OVERRULED**; and Defendants' Renewed Motion to Dismiss [21] is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Court adopts the facts of this case as set forth in the R&R:

> In April 2012, U.S. Bankruptcy Judge Steven Rhodes issued a report and recommendation to this Court to hold Hills in criminal contempt under 18 U.S.C. § 401(3). [ECF No. 21-2; *see* ECF No. 21-3; *see also* ECF No. 21-11, PageID.345]. Judge Rhodes found that Hills had violated an October 2007 permanent injunction prohibiting him from engaging in actions as a Bankruptcy Petition Preparer. [ECF No. 21-2]. Hills' violated the injunction by, among other things, providing bankruptcy assistance, illegally practicing law and counseling clients to deceive bankruptcy trustees about his role in their cases. [*Id.*]. After receiving the report and recommendation, the Honorable Sean F. Cox ordered Hills to appear for a May 2012 status conference, but Hills failed to appear. [ECF No. 21-3]. Judge Cox thus ordered Hills to show cause why he should not be held in criminal contempt, scheduled a trial on the matter and requested that the U.S. Attorney appoint an attorney to prosecute Hills for criminal contempt. [ECF No. 21-3]. Richard Roble, who was a Special Assistant U.S. Attorney (SAUSA), filed a notice of appearance and prosecuted the case. [ECF No. 21-11, PageID.346, 351]. A jury found Hills guilty of five counts of contempt and Judge Cox sentenced him to 46 months in prison. [*Id.*, PageID.346]. The Sixth Circuit affirmed the judgment. [ECF No. 21-11, PageID.351-352].

Before imposing sentence, Judge Cox had to issue an arrest warrant for Hills because he failed to appear for sentencing. [ECF No. 21-10; ECF No. 23, PageID.392]. On February 21, 2014, members of the Detroit Fugitive Apprehension Team (DFAT), led by Deputy U.S. Marshal Aaron Garcia, arrived at Hills' residence to arrest him. [ECF No. 23, PageID.392]. Garcia saw a person let two large pitbulls out of the house to the back yard and saw a woman retrieve them about 20 minutes later. [*Id.*, PageID.392]. After observing this, members of DFAT team went to Hills' home to make contact but were unsuccessful after "several minutes of Knocking and Announcing Police." [*Id.*, PageID.392]. DFAT then interviewed neighbors, confirming that Hills did "reside at the target residence" and that he "was observed at the residence the other day." [*Id.*, PageID.392]. After another 20 minutes of knocking and announcing their presence, DFAT forcibly entered Hills' residence. [*Id.*, PageID.392]. "As DFAT members breached the front door members observed a large pitbull running in an aggressive manner towards the team." [*Id.*, PageID.392]. Task Force Officer Dave Wineman shot the dog "to stop the threat," and the dog died. [*Id.*, PageID.392]. Hills was arrested. [*Id.*, PageID.392-393]. Hills' girlfriend, who was at the home, told DFAT members that Hills instructed her "to close the door and do not open it" when the members started knocking and announcing their presence. [*Id.*, PageID.393].

In his complaint, Hills takes issue with the manner of his arrest and with Roble's role as his prosecutor. [ECF No. 1]. Hills alleges that Roble violated his Fifth Amendment due process rights when he "acted without authority and outsides the scope of his appointed position as a U.S. Trustee Staff Attorney in impermissvely [*sic*] prosecuting" Hills for criminal contempt. [*Id.*, PageID.5]. And Hills claims that "Garcia and John Doe 1-6 used excessive force in effectuating [his] arrest on 2/21/2014," in violation of the Fourth Amendment. [*Id.*, PageID.6].

## STANDARD OF REVIEW

The Court's review of objections to a Magistrate Judge's R&R on a dispositive motion is *de novo*. 28 U.S.C. § 636(b)(1)(c). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed in error' are too general." *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Ordinarily, objections that lack specificity do not receive *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In addition, the Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. Fed. R. Civ. P. 72(b)(3).

Defendants moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Cntys. Rail Users Ass'n., Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). A Rule 12(b)(1) challenge to subject matter jurisdiction takes the form of either a facial or factual attack. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Under a facial attack, the Court takes Plaintiff's factual allegations as true. *Id*. Under a factual attack, "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

Defendants also move to dismiss for failing to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6). However, as the Magistrate Judge notes, because Plaintiff relies upon Defendant Garcia's report in response, the Court analyzes Garcia's arguments under the summary judgement standard.

"To survive a motion to dismiss, [plaintiffs] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "assume the veracity of [the plaintiffs] well-pleaded factual allegations and determine whether the [plaintiffs are] entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court must construe the complaint in the light most favorable to the Plaintiff and draw all reasonable inferences in his favor. *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012).

Summary judgment is appropriate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue for trial exists if "the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Additionally, the Court views all of the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson*, 477 U.S. at 255.

## ANALYSIS

**Objection 1:** *Heck v. Humphrey* application

Objection one does not warrant *de novo* review, because it fails to specify its objection to the R&R's conclusion. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Objections which simply dispute "'the correctness of the magistrate's recommendation but fail[] to specify the findings . . . believed in error' are too general" and amount to a failure to object. *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Nonetheless, even construing objection one as specifically objecting to the Magistrate Judge's finding that *Heck v. Humphrey* bars his challenge to his conviction, the Court finds Plaintiff's argument unavailing. In relevant part, *Heck* states the following:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-87.

Here, Plaintiff has failed to show that his conviction has been set aside. In fact, the Sixth Circuit affirmed his conviction direct appeal. *Hills v. United States*, No. 2:12-cv-12254 (E.D. Mich. November 5, 2015), ECF No. 139. Furthermore, his 28 U.S.C. § 2255 petition was denied, and the Sixth Circuit denied his application for a certificate of appealability. *Hills v. United States*, No. 12-12254, 2016 WL 3254566 (E.D. Mich. June 14, 2016)**;** *Hills v. United States*, No. 16-2073, 2017 WL 3221278 (6th Cir. Feb. 10, 2017). Moreover, he has not shown any evidence to persuade this Court that his conviction or sentence has otherwise been invalidated. Objection one is overruled.

**Objection 2:** Defendant Roble – Absolute Immunity

Objection two similarly does not warrant *de novo* review, because it lacks specificity. Nonetheless, even construing objection two as a challenge to the

Magistrate Judge's conclusion that Defendant Roble enjoys absolute immunity, this objection is overruled.

It is clearly established that prosecutors enjoy absolute immunity from civil suits. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) (prosecutors "enjoy[] absolute immunity from § 1983 suits for damages when [they] act[] within the scope of [their] prosecutorial duties."); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (prosecutors are absolute immunity for "appearances at probable cause and grand jury hearings, evaluation of evidence and presentation of that evidence at pre-trial and trial proceedings, and preparation of witness for trial.").

Despite this immunity, Plaintiff argues that Defendant Roble prosecuted him without proper authority, because he had no affiliation with the U.S. Attorney's Office. Although Defendant Roble did not have this affiliation, he was nonetheless authorized to prosecute Plaintiff as an attorney for the Department of Justice's U.S. Trustee Office. In fact, the Sixth Circuit addressed this very issue on direct appeal and confirmed that "Roble was working as a Special Assistant United States Attorney during his involvement in the criminal contempt proceedings. Thus, Rule 42(a)(2)'s general requirement that 'the contempt be prosecuted by an attorney for the government' was met." *Hills v. United States*, No. 2:12-cv-12254 (E.D. Mich. November 5, 2015), ECF No. 139 (citing FED. R. CRIM. P. 42(A)(2)). Plaintiff has

not given this Court any reason to doubt Roble's authority as a prosecutor for the United States of America. This objection is therefore overruled.

**Objection 3:** Defendant Garcia – Qualified Immunity

Plaintiff disputes the Magistrate Judge's finding that Defendant Garcia, a U.S. Marshall, is entitled to qualified immunity for Plaintiff's claims of wrongful arrest and wrongful entry into his home. The Court agrees with the R&R's analysis here.

"Qualified immunity protects government officials performing discretionary functions unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known." *Silberstein v. City of Dayton,* 440 F.3d 306, 311 (2006). To overcome this defense, Plaintiff must allege "facts sufficient to indicate that the [government official's] act in question violated clearly established law at the time the act was committed." *Russo v. City of Cincinnati,* 953 F.2d 1036, 1043 (6th Cir.1992).

These facts must satisfy two prongs. First, he must show that "based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred." *Sample v. Bailey,* 409 F.3d 689, 695 (6th Cir.2005); *see also Saucier v. Katz,* 533 U.S. 194, 201 (2001). Second, Plaintiff must show that "the violation involved a clearly established constitutional right of which a reasonable person would have known." *Sample,* 409 F.3d at 696; *see also Saucier,* 533 U.S. at 201. A clearly established right "must be sufficiently clear that a

reasonable official would understand that what he is doing violates that right." *Saucier,* 533 U.S. at 202 (internal quotation marks omitted).

Under the Fourth Amendment, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York,* 445 U.S. 573, 603 (1980). Here, because Plaintiff failed to appear in court for sentencing, Defendant Garcia and the officers with him went to Plaintiff's residence with an arrest warrant to take him into custody. (ECF No. 23, PageID.392-93). When they arrived on the scene, the officers knocked and announced themselves before entering Plaintiff's home to arrest him. (*Id.*). Under these facts, Plaintiff has failed to allege that Defendant Garcia violated his Fourth Amendment rights. Objection three is overruled.

## Conclusion

For the reasons stated above, the R&R [31] is **ADOPTED**; Plaintiff's Objections [34] are **OVERRULED**; and Defendants' Renewed Motion to Dismiss [21] is **GRANTED**. Plaintiff's excessive force claims against Defendant Garcia and six John Doe officers remain live.

Accordingly,

**IT IS ORDERED** that the R&R [31] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [34] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Renewed Motion to Dismiss [21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Richard Roble is **DISMISSED**.

**SO ORDERED**.

Dated: March 31, 2021

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge