UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK HILLS,<br><br>Plaintiff,<br><br>v.<br><br>AARON GARCIA,<br><br>Defendant. | Case No. 15-12148<br>Honorable David M. Lawson<br>Magistrate Judge Elizabeth A. Stafford |

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS (ECF NO. 55)

### I.   Introduction and Background

Plaintiff Derrick Hills, proceeding pro se, sues Deputy U.S. Marshal

Aaron Garcia for alleged excessive force under 28 U.S.C. § 1343 and

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971).  ECF No. 1.[1]  Garcia served Hills with a notice of his

deposition, but Hills said in an email that he required "an order from the

court directing [him] to appear at this and any and all other depositions."

ECF No. 53-2, PageID.539; ECF No. 53-3, PageID.542.  Garcia's counsel,

---

[1] The Honorable David M. Lawson referred the case to the undersigned for
all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 62.

Bradley Darling, told Hills that he did not need a court order, citing Federal

Rule of Civil Procedure 30(a).  *Id.*  But Hills did not show for his deposition,

so Garcia moved to compel him to appear for his deposition.  ECF No. 53.

The Court granted Garcia's motion in a December 2021 order,

stating:

> Garcia's counsel is right that he did not need leave of
> court to depose Hills.  Rule 30(a)(1).  Generally, parties are
> expected to engage in cooperative discovery with one another
> and request court involvement only when a party violates the
> discovery rules or when the parties have a genuine dispute
> about what the rules require.  Fed. R. Civ. P. 1, 26-37.  In most
> cases, when a court grants a motion to compel discovery, the
> possible sanctions are financial.  Rule 37(a)(5)(A).  But a
> party's failure to attend his own deposition or respond to
> discovery requests exposes him to greater sanctions, including
> the dismissal of the action.  Rule 37(d).
> In other words, Hills' failure to attend his deposition is a
> serious violation of the discovery rules.  Although Hills is acting
> pro se, he must comply with federal and local rules of
> procedure.  *Matthews v. Copeland*, 286 F. Supp. 3d 912, 916
> (M.D. Tenn. 2017).

ECF No. 54, PageID.554.  The Court ordered Hills to attend his deposition

and warned him, "**If he fails to appear or otherwise violates the**

**discovery rules, his case may be dismissed under Rule 37 or the**

**Court's inherent authority**."  *Id*. (emphasis in original).

Garcia now moves for dismissal, alleging that Hills did not properly

appear for his court-ordered deposition.  ECF No. 55.  Darling said during

the deposition that Hills appeared to be driving a truck.  ECF No. 55-2,

2

PageID.580-581.  Hills refused to answer Darling's questions about where he was or whether he was driving a truck.  *Id*.  Darling asked Hills if he could pull to the side of the road so that they could complete the deposition. *Id*., PageID.581.  Hills responded, "If I were to say yes or no, I would be answering your question, which I have declined to answer.  So I'm not answering that question either."  *Id*.

Hills also refused to answer whether his address was a post office box.  *Id*., PageID.582.  And though Darling had emailed Hills asking for an address to which Darling could send a binder of exhibits, Hills failed to respond to the email or to Darling's deposition question about the email. *Id*.; ECF No. 55-3.  Darling then told Hills that he was terminating the deposition and would be moving to dismiss.  ECF No. 55-2, PageID.582. Hills responded, "Good luck."  *Id*., PageID.582-583.

As promised, Garcia moved to dismiss Hills' complaint.  ECF No. 55. The motion should be granted.

## II.    Analysis

Federal Rule of Civil Procedure 37(d)(3) permits a court to impose the sanctions described in Rule 37(b)(2)(A)(i)-(vi) when a party fails to attend his deposition.  Rule 37(b)(2)(A)(v) allows the Court to dismiss the action.  "The use of dismissal as a sanction for failing to comply with

discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).  Dismissal is also an available sanction when a party violates a discovery order.  Rule 37(b)(2)(A)(v).

To determine whether dismissal is warranted, the Court must consider four factors:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (citation and quotation marks omitted); *see also Vance v. Sec'y, U.S. Dep't of Veterans Affs.*, 289 F.R.D. 254, 256 (S.D. Ohio 2013).  Evaluation of these factors favors dismissal with prejudice.

### Willfulness, Bad Faith, or Fault

To qualify as "bad faith, willfulness, or fault," a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard*

4

*Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.1986)).  There must be "a clear record of delay or contumacious conduct" that is "perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-705 (6th Cir. 2013) (internal citations and quotations omitted).

The record here shows that Hills has been stubbornly disobedient. Darling referred Hills to Rule 30(a), which allows a party to depose a person without leave of court, but Hills did not show for his deposition. ECF No. 53-2, PageID.539; ECF No. 53-3, PageID.542.  The Court then ordered Hills to attend his deposition and emphasized that his failure to do so was "a serious violation of the discovery rules."  ECF No. 54, PageID.554.  And the Court warned him that his case could be dismissed if he failed to appear at the deposition or otherwise violated the discovery rules.  *Id*.

Despite this warning, Hills showed for the deposition while driving a truck and then refused to answer questions.  A party may refuse to answer questions during a deposition "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Rule 30(c)(2).  Hills' appearance while driving a truck, his flippant refusals to answer questions, and his mocking bid of "good luck" to

5

Darling defied this Court's warning that his failure to attend his deposition was a serious violation of the discovery rules.

In his terse responsive brief, Hills asserts that he appeared for his deposition.  ECF No. 57, PageID.588.  But his appearance was a pretense that met none of the aims of a deposition.  "Depositions most commonly are conducted to discover information the deponent knows about fact, opinions, and documents relating to the claims and defenses of the case."  Introduction, *Fundamentals of Litigation Practice*, Ch. 15 (2021 ed.).  One of the most basic obligations of a plaintiff suing for relief is that he sit for his own deposition.  Hills' bad faith disregard of that obligation supports the dismissal of his claim.

## *Prejudice to Adversary*

The prejudice factor requires a showing that the moving party was "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide."  *Harmon*, 110 F.3d at 368.  In *Harmon*, the court recognized that the defendant had suffered prejudice from the plaintiff's failure to respond to interrogatories because the defendant was unable to obtain information and had wasted time, money, and effort in pursuit of the plaintiff's cooperation.  *Id*.

6

Garcia has been unable to depose Hills and has wasted time, money, and effort in pursuit of a most basic discovery obligation, and Hills responded to Garcia's efforts with mockery.  This factor supports Garcia's motion to dismiss.

*Prior Warnings and Consideration of Lesser Sanctions*

A prior warning is necessary before an involuntary dismissal only if there is no evidence of bad faith or contumacious conduct.  *Harmon*, 110 F.3d at 368; *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).  As already described, Hills has engaged in bad faith and contumacious conduct.  And this Court *did* warn Hills that his complaint could be dismissed if he failed to attend his deposition or violated other discovery rules.  ECF No. 54, PageID.554.

"Clearly it is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice as the first and only sanction."  *Harmon*, 110 F.3d at 368.  But when a party has engaged in contumacious conduct, a district court is not "without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect."  *Id*.  "Presented with a record of sufficiently egregious conduct, then, this court need not hesitate to conclude that a district court has not abused its discretion by ordering dismissal as the first and only

7

sanction." *Id.* at 369.  Hills' pretense of an appearance and conduct during his deposition, so closely following this Court's warning, were egregious enough to warrant dismissal.

## III.   Conclusion

The Court **RECOMMENDS** that Garcia's motion to dismiss, ECF No. 55, be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 11, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2022.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

9