UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HILLS,

        Plaintiff,         Case Number 15-12148
v.        Honorable David M. Lawson
        Magistrate Judge Elizabeth A. Stafford
AARON GARCIA and JOHN DOES #1-6,

        Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE WITH PREJUDICE

Plaintiff Derrick Hills filed a complaint *pro se* alleging that Deputy United States Marshal Aaron Garcia and six other unnamed U.S. Marshals used excessive force when effectuating an arrest on February 21, 2014. He brought claims under the Fourth and Fifth Amendments to the United States Constitution and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). After the case was reassigned to the undersigned due to the untimely passing of the Honorable Arthur J. Tarnow, the Court referred the matter to Magistrate Judge Elizabeth A. Stafford to conduct pretrial proceedings. After the plaintiff failed to appear for a duly noticed deposition, Judge Elizabeth A. Stafford granted the defendants' motion to compel discovery and ordered the plaintiff to appear for a deposition. Thereafter, the defendants moved to dismiss the case, alleging that the plaintiff refused to participate in his deposition in good faith and refused to answer questions. On April 11, 2022, Judge Stafford filed a report recommending that the motion be granted, and the case be dismissed. The plaintiff filed objections to the report and recommendation, and the motion is before the Court for fresh review. The Court agrees with the magistrate judge that the plaintiff refused to comply in good faith with the order compelling his

deposition and that dismissal is an appropriate sanction. The Court will overrule the objections and grant the motion to dismiss.

I.

Hills filed his complaint on June 11, 2015, naming Aaron Garcia, Richard Robel, and six John Does as defendants. On September 22, 2015, Hills moved for administrative closure of the case pending the resolution of a separate but related criminal appeal. Judge Tarnow granted the motion on October 15, 2015, and later reopened the case on July 17, 2019 on the plaintiff's motion. Judge Tarnow then granted in part the defendants' renewed motion to dismiss and dismissed some of the plaintiff's claims and dismissed the case against Robel in its entirety. Hills's excessive force claims against Garcia and the John Doe defendants were allowed to proceed.

Thereafter, the assistant United States attorney (AUSA) who appeared for the defendants attempted to schedule Hills's deposition. On October 28, 2021, AUSA Bradley Darling sent an email to Hills requesting times in November of last year for the deposition. Hills initially provided Darling with a list of dates and times but then informed Darling that he required "an order from the court directing [Hills] to appear at this and all-other depositions." Darling informed Hills, correctly, that since Hills was a party in the case, he was required to appear for a deposition according to Federal Rule of Civil Procedure 30(a) without a court order. Darling then chose one of the dates Hills had given and scheduled the deposition to take place remotely. He told Hills that he would need a quiet room with a computer or phone connection for the Zoom feed. Darling then sent Hills a deposition notice on November 2, 2021 by email.

Hills never appeared for the deposition, nor does it appear that he made any attempts to connect to the provided Zoom link. Darling then filed a motion to compel Hills to appear for his deposition. Hills did not respond to the motion.

On December 3, 2021, Judge Elizabeth Stafford granted the motion to compel and ordered Hills to appear for his deposition on December 16, 2021 by Zoom.  In her order, Judge Stafford informed Hills that defense counsel was correct that he did not need the court's leave to depose Hills and that typically parties only request the court to intervene in discovery when the discovery rules have been violated or when "parties have a genuine dispute about what the rules require." Order, ECF No. 54, PageID.554.  Judge Stafford also included a bolded statement warning that if Hills "fails to appear [for his deposition] or otherwise violate[s] the discovery rule, his case may be dismissed under Rule 37 or the Court's inherent authority." *Ibid*.

Hills accessed the Zoom link for his deposition on the assigned date, but things did not go smoothly after that.  The defendants assert that Hills made the connection while in the cab of a semi-tractor truck.  The transcript of the deposition demonstrates that, after introducing himself, Darling asked Hills if he was currently driving a truck.  Darling states that from the background in the video, it appeared that Hills was doing just that.  Hills refused to answer this question several times, responding with several variations of the statement "I don't want to answer that question. It's not relevant to this deposition."  Darling then asked Hills to "pull over to the side of the road and park so that we can complete this deposition."  Hills responded "[i]f I were to say yes or no, I would be answering your question, which I have declined to answer.  So I'm not answering that question either."  Hills said that he was prepared to continue with the deposition, but he refused to answer questions about whether he had received certain emails sent by Darling, whether Hills had received Darling's request for an address to mail a binder of exhibits, and several questions about Hills' provided mailing address.  After those refusals, Darling informed Hills that he was terminating the deposition and would be filing a motion to dismiss the case, which he did.

Hills provided a one-page response to the defendants' motion to dismiss, simply stating that he did in fact attend the deposition and that he was prepared to continue with the deposition. Hills did not provide any reasons for refusing to answer Darling's questions.

In her report recommending that the motion to dismiss be granted, Judge Stafford relied on the authority of Federal Rule of Civil Procedure 37(d), which allows the court to impose sanctions, including dismissal, for a party's failure to attend their own deposition and Rule 37(b), which authorizes a dismissal sanction for the violation of a discovery order. She determined that Hills violated the court order to appear for and cooperate in giving a deposition. Judge Stafford considered the four factors discussed below that guide the type of sanctions that should be imposed and found that they all favored dismissal.

After the report was filed, an attorney appeared for the plaintiff and filed objections to the report and recommendation. One day later, Hills filed his own objection to the report and recommendations *pro se*. The two sets of objections are largely repetitive and can be addressed as one.

II.

When a party files an objection to a recommendation and report, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In his objections, Hills acknowledged that he appeared for the Zoom deposition in a semi-tractor truck. However, he contends first that the record fails to demonstrate that he had engaged in a pattern of egregious conduct, insisting that he actually complied with the court order by attending his deposition. Second, he says that the magistrate judge did not define the concept of bad faith and should not have focused on his conduct during the deposition. Finally, he contends that the magistrate judge failed to consider lesser sanctions before recommending dismissal.

No one disputes that the Court's authority to dismiss a case as a sanction for certain discovery violations. Rule 37(d) authorizes dismissal when a party fails to attend his own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i), (3). And Rule 37(b)(2) authorizes courts to impose the same sanctions when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). It should be noted that Hills was proceeding *pro se* at the time of the discovery violations, and that *pro se* litigants may be entitled to some latitude before the Court. But there is no cause to extend such latitude to "straightforward procedural requirements . . . that a layperson could comprehend as easily as a lawyer." *Muldrow v. Federal Exp. Corp.*, 81 F.3d 161, 1996 WL

125042, at *1 (6th Cir. Mar. 20, 1996) (unpublished table decision) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991)).

Although a pattern of egregious conduct certainly may justify dismissal as a discovery sanction, such a finding is neither a necessary nor a sufficient prerequisite. Instead, courts weigh four factors taken together:

> (1) Whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wisconsin Cent. LTD.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). None of the four factors individually are dispositive; dismissal is appropriate when there is a clear record that "demonstrates delay or contumacious conduct." *Ibid.* (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)). Contumacious conduct is defined as "behavior that is perverse in resisting authority and stubbornly disobedient." *Ibid.* (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013)).

A.

A finding of willfulness and bad faith is appropriate when a party's conduct "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *Mager*, 924 F.3d at 837 (quoting *Carpenter*, 723 F.3d at 705). This case maps onto the facts in *Mager* neatly. There, the plaintiff was required by the court to submit to an interview by a doctor as part of an independent medical examination. *Id.* at 834-35. Although the plaintiff physically attended the interview, he "repeatedly declined to answer relevant questions about his condition, his medications, and how [his] injury occurred." *Id.* at 835. The court of appeals found that the plaintiff's actions were "deliberate and calculated to circumvent

- 6 -

the order requiring him to submit to an interview as part of the IME." *Id*. at 838. The court therefore found that the first factor favored dismissal because the conduct was the sort that was motivated by an intent to thwart judicial proceedings "or at least [demonstrated] a reckless disregard for the effect of that conduct on the proceedings." *Id*. at 839-40.

Similarly, in *Smith v. MPIRE Holdings, LLC*, No. 08-549, 2011 WL 4449650 (M.D. Tenn. Sept. 26, 2011), two individual plaintiffs appeared for their depositions but deliberately obfuscated many of their answers and refused to answer other questions. The district court held that the plaintiffs' conduct during their depositions constituted "textbook bad faith" under the first factor. *Id*. at *6.

Hills's conduct in this case is nearly the same. He initially failed to attend his properly noticed deposition. When he connected online for his court-ordered deposition, he did so while driving a semi-tractor truck and repeatedly refused to answer questions. A deponent may refuse to answer questions during a deposition "only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Nothing in the record suggests that Hills's repeated refusals were for reasons listed in Rule 30(c)(2). Rather, Hills's conduct demonstrated the kind of reckless disregard for judicial proceedings that constitutes bad faith, willfulness, or fault that the court of appeals called out in *Mager*.

Further evidence of Hills's cavalier approach to his discovery obligations is found in his decision to access the Zoom link with his phone while driving a truck. It is illegal in Michigan to use a cell phone while operating a commercial vehicle. Mich. Comp. Laws § 257.602(b)(3) ("[A] person shall not use a hand-held mobile telephone to conduct a voice communication while operating a commercial motor vehicle . . . on a highway, including while temporarily stationary

due to traffic, a traffic control device, or other momentary delays."). Hills apparently ignored attorney Darling's request to pull over to complete the deposition. When Hills was fencing with Darling over legitimate deposition questions while driving a semitruck, he was breaking Michigan motor vehicle laws.

Judge Stafford correctly concluded that this factor favors dismissal, and the plaintiff's objection challenging that finding will be overruled.

B.

A party's failure or refusal to cooperate with discovery causes prejudice when the requesting party is "unable to secure the information requested" and has "wasted time, money, and effort in pursuit of cooperation which the [other party] was legally obligated to provide." *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958 (6th Cir. 2018) (quoting *Harmon*, 110 F.3d at 368). It is clear in this case that the defendants were not able to obtain any information during the scuttled deposition of the plaintiff. The defendants allege that they spent significant time and effort to obtain Hills's deposition, and that included the extra step of filing a motion to compel when Hills refused to attend his deposition when it was first noticed. The defendants arranged for and paid court reporters, prepared exhibit binders, and blocked off time for the missed depositions. That amounts to prejudice, *Norris*, 734 F. App'x at 958-59, and the second factor weighs in favor of dismissal.

C.

Hills was duly warned that failing to cooperate with giving his deposition could result in the dismissal of his case. The magistrate judge spelled that out for him explicitly and in bold print in her order warning Hills that "if he fails to appear or otherwise violates the discovery rules, his

case may be dismissed under Rule 37 or the Court's inherent authority." Order, ECF No. 54, PageID.554. The third factor weighs in favor of dismissal.

### D.

Factor four addresses alternate sanctions, asking if they were imposed or considered. Hills says in his objections that the magistrate judge's rush to the ultimate sanction is fatal to her ruling.

At the outset, it must be remembered that the Sixth Circuit explicitly has noted that it has never held that "a district court is without power to dismiss a complaint, as the first and only sanction." *Harmon*, 110 F.3d at 368. Instead, dismissal is appropriate when a plaintiff engages in contumacious conduct that is "sufficiently egregious." *Id.* at 369. It also is noteworthy that the magistrate judge plainly considered lesser sanctions when she wrote that "[i]n most cases, when a court grants a motion to compel discovery, the possible sanctions are financial. But a party's failure to attend his own deposition or to respond to discovery requests exposes him to greater sanctions, including dismissal of the action." Order, ECF No. 54, PageID.554.

The guidance that focuses on contemplation of lesser sanctions embraces the twin concepts of incremental punishment and the notion that the punishment must fit the crime. In *Carpenter*, for instance, the court stated that violations such as "repeated noncompliance with local filing rules and a delayed response to defendant's motions to strike" do not rise to the level of egregiousness required to constitute contumacious conduct. *Carpenter*, 723 F.3d at 705. But violations such as failing to appear at scheduled pretrial conferences, failure to respond to discovery requests, or acting "in contempt of a court order compelling cooperation with such requests" would constitute contumacious conduct. *Ibid*.

Hills resisted the lawful attempts to take his deposition from the outset. First, he told defense counsel that he would not sit for a deposition without a court order. When counsel pointed

out that a court order was not required and referred him to Rule 30(a), Hills persisted in his refusal and ignored the notice scheduling the deposition for one of the days Hills himself had approved. That conduct prompted the motion to compel, which Hills did not answer. Rather than dismiss the case at that point, the magistrate judge ordered Hills to give his deposition, plainly and explicitly warning of the consequences of noncompliance.

Hills's conduct thereafter — accessing the Zoom link and attending his deposition while driving a semi-tractor truck and "flippantly" refusing to answer questions — can only be viewed as defying the court order and treating it with contempt. It is difficult to see what else the magistrate judge could have done to impress upon the plaintiff that he had an obligation to abide by the rules of procedure when he filed his lawsuit, and that gamesmanship would not be tolerated. The magistrate judge could have imposed a monetary sanction when she granted the defendants' motion to compel the deposition. She apparently believed that a stern warning would have sufficed to persuade the plaintiff to cooperate and adhere to the rules. Instead, she was confronted with the sort of stubborn disobedience and perversity in resisting authority that the Sixth Circuit characterized as contumacious conduct in *Mager*. She concluded properly that dismissal was the only appropriate sanction under all the circumstances.

III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the motion papers. The plaintiff's refusal to submit to discovery warrants the dismissal of his case as a sanction under Federal rule of Civil Procedure 37(d). The plaintiff's objections to the report and recommendation lack merit. An earlier report recommending that the John Doe defendants be dismissed will be rejected as moot.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 63) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 66, 67) are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss (ECF No. 55) is **GRANTED**.

It is further **ORDERED** that the report and recommendation concerning the dismissal of the John Doe defendants (ECF No. 48) is **REJECTED as moot**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:   September 20, 2022